A. JONES, ET AL., *v.* JOHN C. MARSHALL.

**Motion to Paragraph a Petition.**

When a petition attempts to set forth two causes of action, one on a bond and one on the covenants in a deed, a motion to separate it into two paragraphs of complaint should be granted.

**Sufficiency of Paragraph of Petition.**

When there has been an attempt to set forth two causes of action in one paragraph, or when only a part of the facts in one are necessary to a cause of action set up in another, the pleader should not be permitted by "making such facts in the first paragraph as are necessary to the cause of action in the second paragraph" part of the latter by that character of general reference to the first.

APPEAL FROM MERCER CIRCUIT COURT.

May 1, 1880.

OPINION BY JUDGE COFER:

The rule to paragraph the petition was properly awarded. As originally presented the petition attempted to set forth two causes of action, one on the covenant in the deed, the other on the bond. In paragraphing the appellant struck from the petition so much of it as sought judgment on the covenant of warranty, thereby leaving so much as sought to recover on the bond as the cause of action in the first paragraph.

It was attempted in the amended petition to set up a cause of action on the covenant of warranty by making "all the averments of the first paragraph necessary" to a cause of action part of the second paragraph. This could not be done without indicating what averments the pleader deemed necessary.

When all the facts in a preceding paragraph are necessary to a separate cause of action set up in a succeeding paragraph, they may be incorporated into the latter by referring to the former and making its allegations a part of the latter. This shortens the pleadings without tending to laxity or confusion. But when there has been an attempt to set forth two causes of action in one paragraph, or when only a part of the facts in one are necessary to a cause of action set up in another, it would produce great perplexity and confusion to allow the pleader by "making such facts in the first paragraph as are necessary to the cause of action in the second paragraph" part of the latter by that character of general reference to the first.

All experience has demonstrated that perspicuous pleading greatly facilitates the correct administration of justice, and the rules of pleading should not be so construed as to allow the court or the adverse party to be in doubt as to the precise facts upon which the pleader relies, or to compel the adverse party to decide at his peril which of the facts alleged in one paragraph are material to a cause of action set up in another. Both prolixity and vagueness in pleading should be avoided, but when this cannot be done brevity should be sacrificed to certainty. We are therefore of the opinion that the court did not err in sustaining the demurrer to the second paragraph.

The first paragraph sought to recover on the bond, and when the nature of the covenant therein contained is considered there does not seem to be any serious difficulty in disposing of the question raised by the demurrer to that paragraph.

The appellee, with others, covenanted that Harriett Robards, then an infant, should convey her interest in the lot as soon as she attained her majority. She failed to convey when she reached that age, and such failure on her part was a breach of the appellee's covenant.

There is another covenant that the appellant's ancestor should retain possession of the lot until Harriett should convey. What effect that covenant may have, or whether a cause of action accrued to the

covenantee as soon as she arrived at the age of twenty-one years and failed to convey, or until some damage had resulted from her failure, are questions we need not consider. She had title to a part of the lot, as is shown by the bond, and if the appellant or his father was compelled to buy that interest in order to secure her title there was both a breach of the appellee's covenant and a resulting damage to be measured by the value of her interest in the lot at the time she conveyed it, not, however, to exceed the penalty of the bond.

Wherefore the judgment is *reversed,* and the cause remanded with directions to overrule the demurrer to the first paragraph of the petition.

*Bell & Willson, Thompson & Thompson, for appellants.*
*Russell & Helm, for appellee.*